IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| REBECCA HILL, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF WILLIE WHALEY, <br><br> Plaintiff, <br><br> v. <br><br> GEORGIA DEPARTMENT OF CORRECTIONS, et al., <br><br> Defendants. | CIVIL ACTION NO.: 4:20-cv-26 |

**O R D E R**

The Court has been advised by the parties that they have reached an agreement to the terms of a settlement as to all claims in the above-captioned case. (Doc. 21.) They further advise that, "[p]ursuant to the agreement, Plaintiff has applied for letters of administration with the Probate Court of Whitfield County, Georgia [and] [o]nce the letters of administration are issued, the parties will be able to finalize their settlement agreement and file a stipulation of dismissal with prejudice in this action." (Id. at p. 1.) The parties have jointly requested that the Court "stay all deadlines in this case for ninety days, in order to allow time for the Probate Court of Whitfield County to process Plaintiff's application and for the parties to finalize the settlement agreement and file the stipulation of dismissal." (Id.) In light of the foregoing, the Court **DIRECTS** the Clerk of Court to **ADMINISTRATIVELY CLOSE** this case for ninety (90) days. See Heape v. Flanagan, No. 6:07-CV-12, 2008 WL 2439736 (S.D. Ga. June 9, 2008). Given this stay, all pending deadlines are **TERMINATED** and the parties' Joint Motion to Stay Proceedings, (doc. 21), is thus **DENIED AS MOOT**.

Within ninety (90) days of the date this Order is entered, the parties—if they wish—may present a dismissal judgment, pursuant to Federal Rule of Civil Procedure 41(a)(2), incorporating

the terms of their settlement, so the Court may retain jurisdiction to enforce the agreement. In the alternative, the parties may simply file a joint stipulation of dismissal. If the parties fail to file a dismissal (or, if necessary, move to reopen the case) within ninety (90) days, the Court will *sua sponte* dismiss the case with prejudice. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381–82 (1994).

**SO ORDERED**, this 25th day of March, 2021.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA